(No. 4096— )

JULIUS SBRAGIA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1949.*

STEPHEN M. FLEMING, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, for Respondent; WILLIAM J. COLOHAN, Assistant Attorney General, of Counsel.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act. On December 19, 1946, the date this cause of action arose, Julius Sbragia, the above named claimant, resided at 3848 Newcastle Avenue, Chicago, Illinois. He was 64 years of age, married, but had no children under 16 years of age dependent upon him for support.

He was first employed by the Division of Highways on June 1, 1945, as a common laborer at a wage rate of 65 cents an hour. He was employed regularly in this classification from the date of his employment until the date of his injury. His wage rate was increased to 75 cents an hour on July 1, 1945. Earnings exclusive of overtime in the year preceding his injury totaled $1,569.75.

December 19, 1946, claimant was one of a group of men assigned to remove ice from the surface of Forest Preserve Drive adjacent to Dunning State Hospital in Cook County. At the time of the accident, Mr. Sbragia was scattering salt on the ice to cause it to melt. Mr. Andrew Grafmiller was operating a motor patrol grader

used to scarify and push the partially melted ice off the highway. At approximately 10:50 A.M., about one block south of Irving Park Boulevard, Mr. Grafmiller backed the motor patrol toward Mr. Sbragia. Mr. Grafmiller did not see Mr. Sbragia, and he in turn did not observe the approaching patrol grader until one of the wheels struck and knocked him down. The wheel of the vehicle knocked claimant to the ground where he received divers injuries to both legs.

Mr. Sbragia was taken to Dunning State Hospital where first aid was given. He was then taken to St. Luke's Hospital, Chicago, and placed under the care of Dr. H. B. Thomas, professor emeritus of orthopedics, University of Illinois College of Medicine.

At the time of the taking of the evidence, a stipulation was entered into by and between the parties hereto and the above facts were recited in the stipulation. In addition thereto it was further stipulated that respondent furnished all necessary medical and hospital care and no claim is made for the reimbursement to claimant in that regard. It is further stipulated that claimant was temporarily and totally disabled from December 20, 1946, to June 21, 1947, and that respondent paid the claimant during that period the sum of $475.70, representing 26 3/7 weeks at $18.00 a week.

It was further stipulated that respondent had immediate notice of the injury and the claim was filed in due time and no jurisdictional questions raised.

The report of the Division of Highways filed herein and made a part of this record shows that respondent's Division of Highways paid the sum of $648.70 on behalf of the claimant's medical expenses, which included the fees of Dr. H. B. Thomas, St. Luke's Hospital, Chicago, and claimant's expenses to Chicago.

Dr. Albert C. Field was called as a witness on behalf of the claimant. He testified that he had examined Sbragia on October 28, 1948 and found that his left knee was enlarged, the fossa on both sides of the patella rounded out with crepitation present in both knees. In supine position the right heel could be brought within two inches of the buttocks, the left within 6½ inches. Plantar flexion was limited about twenty degrees, dorsal flexion about fifteen. Pronation and supination of the left leg in comparison with the opposite leg was limited about one-half the normal range over the malleoli. There was also some rigidity on dorsal and plantar flexion of the right ankle joint. He interpreted X-rays he had taken as confirming the fractures already described. In addition he found evidence of separation of the fragments, dislocation of the tip of the malleolus, and bony injury in the articulation of the astragulus with the fibula. In his opinion, claimant has a permanent loss of use of 45% of his left leg and about 20% of his right.

Dr. H. B. Thomas had been called as a witness on behalf of the respondent but was unable to be present because of operations scheduled at the time of the hearing. It was stipulated between the parties hereto that if Dr. Thomas was present, his testimony would be on the basis of the factual statements contained in his reports submitted to the Division of Highways on December 27, 1946; April 11, 1947; and August 4, 1947.

An examination of these reports show that X-rays taken at the St. Luke's Hospital revealed a trimalleolar fracture of the left fibula, externally comminuted and somewhat impacted with lateral and posterior displacement of the distal fragment; a small chip fracture of the head of the astragulus and a similar fracture along the articular margins of the astragulus.

A reduction on December 20th was not satisfactory and another was made on the 24th.

Dr. Thomas concluded that, as of August 3, 1947, claimant continued to have a 20% disability of the left ankle and 10% in the right with the prognosis fair to good.

Claimant testified that previous to the accident he worked 8 hours a day without any difficulty, but that at present his leg swells and he continues to suffer considerable pain in his left leg and some discomfort in his right foot.

It is to be noted that Dr. H. B. Thomas had not exaxmined the claimant since August 3, 1947. Dr. Albert C. Field, however, examined this claimant on October 28, 1948, and he found a far greater disability existing in claimant's injured limbs than did Dr. Thomas more than a year prior thereto. It is apparent that claimant did not attain the amount of recovery anticipated by Dr. Thomas on August 3, 1947.

From the evidence, X-ray exhibits, reports of Dr. H. B. Thomas, and the testimony of Dr. Field and the claimant, we make the following findings: That claimant sustained a permanent partial disability of 35% in his left leg and 15% permanent partial disability in the right leg for which he is to be compensated under the provisions of Section 8, Par. (e) of the Workmen's Compensation Act.

An award is hereby entered in favor of claimant for 35% permanent partial loss of use of his left leg for which he is entitled to be paid 66½ weeks at $18.00 a week, amounting to the sum of One Thousand One Hundred and Ninety-seven dollars ($1,197.00); and, for 15% permanent partial loss of use of his right leg, amounting to the sum of Five Hundred and Thirteen Dollars

($513.00), representing 28½ weeks at $18.00 a week or a total award of One Thousand Seven Hundred and Ten Dollars ($1,710.00).

Of this amount the sum of One Thousand Four Hundred and Sixty-five Dollars and Seventy-one Cents ($1,465.71) has accrued as of January 11, 1949. The remainder of said award amounting to the sum of Two Hundred Forty-four Dollars and Twenty-nine Cents $(224.29) is payable to him at $18.00 a week in weekly installments commencing January 18, 1949 for thirteen weeks with one final payment of Ten Dollars and Twenty-nine Cents ($10.29).

A. M. Rothbart was employed to take and transcribe the testimony at the hearing before the Commissioner for which he made a charge of $40.00. We find this sum reasonable, customary, and fair for the services rendered. An award is hereby entered in favor of A. M. Rothbart in the sum of Forty Dollars ($40.00).

These awards are subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''